**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
ELECTRONIC FRONTIER FOUNDATION,          )
                                         )
                        Plaintiff,       )
                                         )
            v.                           )
                                         )        No. 06cv1708 (CKK)
DEPARTMENT OF JUSTICE,                    )
                                         )
                        Defendant.       )
_____)

**<u>SECOND STATUS REPORT</u>**

Pursuant to the Court's May 7, 2007 Order, Defendant provides the following status

report in this matter:

1.  Plaintiff's FOIA request came out of the FOIA large queue on May 9, 2007, and was

assigned for processing on May 10, 2007.  Second Declaration of David M. Hardy ("Second

Hardy Decl.") ¶ 9, attached as Exhibit A to Defendant's First Status Report.

2.  As of this date, Defendant has made six interim releases to Plaintiff.  Third Hardy

Declaration ("Third Hardy Decl.") ¶ 10, attached hereto as Exhibit A.  For these six interim

releases, a total of 4297[1] responsive pages were reviewed, and 3119 pages were released in full

or in part.  <u>Id.</u>

3.  At this time, there are approximately 4825 remaining pages responsive to Plaintiff's

FOIA request that need to be reviewed and processed.  Third Hardy Decl. ¶ 9.

_____

[1]  This number does not include 761 pages which were ultimately found to be non-
responsive.  Third Hardy Decl. n.2.

4.  Defendant estimates that it will take approximately 24 weeks to complete the review

and processing of the remaining 4825 pages.   Third Hardy Decl. ¶ 9.

Dated: November 5, 2007                     Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General
                                            ELIZABETH SHAPIRO
                                            Assistant Director


                                            _____/s/_____
                                            HEATHER R. PHILLIPS
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division/Federal Programs
                                            20 Massachusetts Ave., N.W.
                                            Washington, D.C.  20044, Room 7222
                                            Ph:     (202) 616-0679
                                            Fax:    (202) 318-7589
                                            Email:  heather.phillips@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION, )
                                          )
    Plaintiff,                     )
                                          )
        v.                          )    Civ. A. No. 06-CV-1708 (CKK)
                                          )
U.S. DEPARTMENT OF JUSTICE, )
                                          )
    Defendant.                 )
                                          )

## <u>THIRD DECLARATION OF DAVID M. HARDY</u>

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 211

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

with the collective mission to effectively plan, develop, direct, and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA request of plaintiff, the Electronic Frontier Foundation, for documents related to two electronic surveillance systems. More specifically, plaintiff's August 11, 2006 FOIA request seeks access to records pertaining to System DCS-3000 and Red Hook, and any reports made by the FBI to Congress on the FBI's use of these technologies.

(4)    As Ordered by the Court on May 7, 2007, this declaration provides the Court and plaintiff with a status of the progress being made by the FBI with regard to plaintiff's FOIA request.

## CORRESPONDENCE

(5)    See Hardy Declaration, dated February 9, 2007 paragraphs 25-28 and Second Hardy Declaration dated August 3, 2007, paragraphs 5-7, for earlier correspondence.

(6)    By letter dated August 27, 2007, FBIHQ released documents to plaintiff, subject to withholdings pursuant to exemptions (b)(1), (b)(2), (b)(6), (b)(7)(C) and (b)(7)(E). Plaintiff was advised that 967 pages had been reviewed and 618 pages were being released. Plaintiff was advised this was the fourth interim release as ordered by the court on May 7, 2007 for documents concerning electronic surveillance systems known as DCS-3000 and Red Hook. FBIHQ stated that a decision had not yet been made concerning plaintiff's request for a fee waiver and that the FBI would be corresponding with plaintiff in the near future on that subject. Further, plaintiff

-2-

was advised that pursuant to 28 C.F.R. § 16.11, there is a duplication fee of ten cents per page and that no fees are assessed for the first 100 pages. Plaintiff was further advised that if it is determined that plaintiff does not qualify for a fee waiver, duplication fees would be assessed accordingly. Plaintiff was advised of its right to file an administrative appeal. **(See Exhibit A.)**.

(7)    By letter dated September 24, 2007, FBIHQ released documents to plaintiff, subject to withholdings pursuant to Exemptions (b)(1), (b)(2), (b)(6), (b)(7)(C) and (b)(7)(E). Plaintiff was advised that 502 pages had been reviewed and 342 pages were being released. Plaintiff was advised that this was the fifth interim release as ordered by the court on May 7, 2007, for documents concerning surveillance systems known as DCS-3000 and Red Hook. Plaintiff was also advised that the number of documents reviewed actually totaled 963 pages and that after a review by the technical operations group that manages the system it was determined that 461 of those pages were not responsive to plaintiff's request. Further, FBIHQ advised plaintiff that a decision had not yet been made concerning plaintiff's request for a fee waiver and that the FBI would be corresponding with plaintiff in the near future on that subject. Further, plaintiff was advised that pursuant to 28 C.F.R. § 16.11, there is a duplication fee of ten cents per page and that no fees are assessed for the first 100 pages. Plaintiff was further advised that if it is determined that plaintiff does not qualify for a fee waiver, duplication fees would be assessed accordingly. **(See Exhibit B.)**

(8)    By letter dated October 22, 2007, FBIHQ released documents to plaintiff, subject to withholdings pursuant to Exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Plaintiff was advised that 909 pages had been reviewed and 564 pages were being released. Plaintiff was advised that this was the sixth interim release as ordered by the court on May 7, 2007. Plaintiff was also advised that the number of documents reviewed actually totaled 1,209 pages and that after a review by the technical operations group that manages the system it

-3-

was determined that 300 of those pages were not responsive to plaintiff's request.  Further,

FBIHQ advised plaintiff that a decision had not yet been made with regard to plaintiff's request

for a fee waiver and that the FBI would be corresponding with plaintiff in the near future.

Plaintiff was further advised that if the FBI determined that plaintiff does not qualify for a fee

waiver, duplication fees would be assessed accordingly.  (See **Exhibit C.**)

(9)    At this time, approximately 4,825 pages remain to be reviewed and processed.

The FBI estimates that the review and processing of these pages will take approximately 24

weeks.[1]

## CONCLUSION

(10)    To date, the FBI has made six (6) interim releases to plaintiff, consisting of

3,119 pages released out of a total of 4,297[2] pages reviewed.  In accordance with the Court Order

dated May 7, 2007,  the next scheduled release will be November 19, 2007.  Approximately

4,825 pages remain to be reviewed and processed,  which the FBI anticipates will take the FBI

approximately 24 weeks to complete.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is  true

and correct and that Exhibits A through C attached hereto are true and correct copies.

Executed this ___30th___ day of October, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division

---

[1]    The FBI will be able to review and process approximately 800 pages every four (4)
weeks.  See First Hardy Declaration, ¶ 39.

[2]    This figure does not include 761 pages which were ultimately found to be non-
responsive.

-4-

Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-CV-1708 (CKK) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

# Exhibit A



U.S. Departmen

Federal Bureau

*Washington, D.C*

ESQ. MARCIA HOFMANN                                        August 27, 2007
ELECTRONIC FRONTIER FOUNDATION
SUITE 650
1875 CONNECTICUT AVENUE, NORTHWEST
WASHINGTON, DC 20009

Subject: SYSTEM DCS-3000 and Red Hook

FOIPA No.  1056287- 000  and FOIPA No. 1056307-1

Dear Ms. Hofmann:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

967  **page(s)** were reviewed and 618  **page(s)** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

 ☐  referred to the OGA for review and direct response to you.

 ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident. references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that this is the fourth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known as DCS-3000 and Red Hook.

A decision has not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to Title 28, Code of Federal Regulations, Section 16.11, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-CV-1708 (CKK) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

# Exhibit B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

ESQ. MARCIA HOFMANN
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110                September 24, 2007

Subject: SYSTEM DCS-3000 and RED HOOK

FOIPA No. 1056287- 000  and FOIPA No. 1056307-1

Dear Ms. Hofmann :

       The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☒(b)(1) | | ☐(b)(7)(A) | | ☐(d)(5) |
| ☒(b)(2) | | ☐(b)(7)(B) | | ☐(j)(2) |
| ☐(b)(3)_____ | | ☒(b)(7)(C) | | ☐(k)(1) |
| _____ | | ☐(b)(7)(D) | | ☐(k)(2) |
| _____ | | ☒(b)(7)(E) | | ☐(k)(3) |
| _____ | | ☐(b)(7)(F) | | ☐(k)(4) |
| ☐(b)(4) | | ☐(b)(8) | | ☐(k)(5) |
| ☐(b)(5) | | ☐(b)(9) | | ☐(k)(6) |
| ☒(b)(6) | | | | ☐(k)(7) |

       **502  page(s) were reviewed and  342  page(s) are being released.**

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☐   referred to the OGA for review and direct response to you.

    ☐   referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that this is the fifth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known as DCS-3000 and Red Hook.

The first page of this correspondence reflects that 502 pages were reviewed for this release. There were actually 963 pages reviewed, however, after a review by the technical operations group that manages the system, they determined that 461 pages of this material was not responsive to the request.

A decision as not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to Title 28, Code of Federal Regulations, Section 16.11, there is fee to ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,    ) <br> ) <br> Plaintiff,    ) <br> ) <br> v.    ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE,    ) <br> ) <br> Defendant.    ) <br> ) | Civ. A. No. 06-CV-1708 (CKK) |

# Exhibit C



U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 22, 2007

ESQ. MARCIA HOFMANN
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

Subject: SYSTEM DCS-3000  and RED HOOK

FOIPA No.  1056287- 000   and FOIPA#1056307-1

Dear Ms. Hofmann:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Deletions have been  made to protect information which is exempt from disclosure, with  the  appropriate exemptions noted  on the page next to the excision.   In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|                | **Section 552** |  | **Section 552a** |
|----------------|-----------------|--|------------------|
| ☒(b)(1)        | ☐(b)(7)(A)      | ☐(d)(5)  |
| ☒(b)(2)        | ☐(b)(7)(B)      | ☐(j)(2)  |
| ☐(b)(3)_____  | ☒(b)(7)(C)      | ☐(k)(1)  |
| _____   | ☒(b)(7)(D)      | ☐(k)(2)  |
| _____   | ☒(b)(7)(E)      | ☐(k)(3)  |
| _____   | ☐(b)(7)(F)      | ☐(k)(4)  |
| ☐(b)(4)        | ☐(b)(8)         | ☐(k)(5)  |
| ☒(b)(5)        | ☐(b)(9)         | ☐(k)(6)  |
| ☒(b)(6)        |                 | ☐(k)(7)  |

909  **page(s)** were reviewed and 564   **page(s)** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

□ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that this is the sixth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known as DCS-3000 and Red Hook.

The first page of this correspondence reflects that 909 pages were reviewed for this release. There were actually 1,209 pages reviewed, however, after a review by the technical operations group that manages the system, they determined that 300 pages of this material was not responsive to the request.

A decision has not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to Title 28, Code of Federal Regulations, Section 16.11, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.