IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | No. 06cv1708 (CKK) |

### THIRD STATUS REPORT

Pursuant to the Court's May 7, 2007 Order, Defendant provides the following status report in this matter:

1. Plaintiff's FOIA request came out of the FOIA large queue on May 9, 2007, and was assigned for processing on May 10, 2007. Second Declaration of David M. Hardy ("Second Hardy Decl.") ¶ 9, attached as Exhibit A to Defendant's First Status Report.

2. As of this date, Defendant has made nine interim releases to Plaintiff. Fourth Hardy Declaration ("Fourth Hardy Decl.") ¶ 8, attached hereto as Exhibit A. For these nine interim releases, a total of 6900[1] responsive pages were reviewed, and 4857 pages were released in full or in part. Id. ¶ 10.

3. At this time, there are approximately 1482 remaining pages responsive to Plaintiff's FOIA request that need to be reviewed and processed. Id. ¶ 9.

---

[1] This number does not include 1501 pages which were ultimately found to be non-responsive. Fourth Hardy Decl. n.2.

    4. Defendant estimates that it will take approximately 2 weeks to complete the review and processing of the remaining 1482 pages. Id.

Dated: February 1, 2008          Respectfully submitted,

                                             JEFFREY S. BUCHOLTZ
                                             Acting Assistant Attorney General
                                             ELIZABETH SHAPIRO
                                             Assistant Director

                                             _____/s/_____
                                             HEATHER R. PHILLIPS
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division/Federal Programs
                                             20 Massachusetts Ave., N.W.
                                             Washington, D.C. 20044, Room 7222
                                             Ph:    (202) 616-0679
                                             Fax:   (202) 318-7589
                                             Email: heather.phillips@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. A. No. 06-CV-1708 (CKK) |

## FOURTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit with the collective mission to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA request of plaintiff, the Electronic Frontier Foundation ("EFF"), for documents related to two electronic surveillance systems. More specifically, plaintiff's August 11, 2006 FOIA request seeks access to records pertaining to System DCS-3000 and Red Hook, and any reports made by the FBI to Congress on the FBI's use of these technologies.

(4) As ordered by the Court on May 7, 2007, this declaration provides the Court and plaintiff with a status of the progress being made by the FBI with regard to plaintiff's FOIA request.

**CORRESPONDENCE**

(5) See Hardy Declaration, dated February 9, 2007, ¶¶ 25-28; Second Hardy Declaration, dated August 3, 2007, ¶¶ 5-7; and Third Hardy Declaration dated October 30, 2007, ¶¶ 6-8, provide the court with a history of the earlier correspondence in this case.

(6) By letter dated November 19, 2007, FBIHQ released documents to plaintiff subject to withholdings pursuant to Exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Plaintiff was advised that 763 pages had been reviewed and 494 pages were being

released. Plaintiff was advised that this was the sixth interim[1] release as ordered by the Court on May 7, 2007 for documents concerning electronic surveillance systems known as DCS-3000 and Red Hook. Plaintiff was also advised that the number of documents reviewed actually totaled 831 pages and that after a review by the technical operations group that manages the system, it was determined that 68 of those pages were not responsive to plaintiff's request. FBIHQ advised plaintiff that a decision had not yet been made concerning plaintiff's request for a fee waiver and that the FBI would be corresponding with plaintiff in the near future on that subject. Further, plaintiff was advised that pursuant to 28 C.F.R. § 16.11, there is a duplication fee of ten cents per page and that no fees are assessed for the first 100 pages. Plaintiff was further advised that if it is determined that plaintiff does not qualify for a fee waiver, duplication fees would be assessed accordingly. (See Exhibit A.).

(7) By letter dated December 17, 2007, FBIHQ released documents to plaintiff subject to withholdings pursuant to Exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Plaintiff was advised that 659 pages had been reviewed and 659 pages were being released. Plaintiff was advised that this was the eighth interim release as ordered by the court on May 7, 2007, for documents concerning surveillance systems known as DCS-3000 and Red Hook. Plaintiff was also advised that the number of documents reviewed actually totaled 1,022 pages, and that after a review by the technical operations group that manages the system it was determined that 363 of those pages were not responsive to plaintiff's request. Further, FBIHQ advised plaintiff that a decision had not yet been made concerning plaintiff's request for a fee waiver and that the FBI would be corresponding with plaintiff in the near future

---

[1] "Sixth" interim release" was stated in error as this was actually the seventh interim release.

on that subject. Further, plaintiff was advised that pursuant to 28 C.F.R. § 16.11, there is a duplication fee of ten cents per page and that no fees are assessed for the first 100 pages. Plaintiff was further advised that if it is determined that plaintiff does not qualify for a fee waiver, duplication fees would be assessed accordingly. (See **Exhibit B.**)

(8) By letter dated January 14, 2008, FBIHQ released documents to plaintiff subject to withholdings pursuant to Exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Plaintiff was advised that 1181 pages had been reviewed and 585 pages were being released. Plaintiff was advised that this was the ninth interim release as ordered by the court on May 7, 2007. Plaintiff was also advised that the number of documents reviewed actually totaled 1,490 pages, and that after a review by the technical operations group that manages the system it was determined that 309 of those pages were not responsive to plaintiff's request. Further, FBIHQ advised plaintiff that a decision had not yet been made with regard to plaintiff's request for a fee waiver and that the FBI would be corresponding with plaintiff in the near future. Plaintiff was further advised that if the FBI determined that plaintiff does not qualify for a fee waiver, duplication fees would be assessed accordingly. (See **Exhibit C.**)

(9) At this time, approximately 1,482 pages remain to be reviewed and processed. The FBI estimates that the review and processing of these pages will take approximately two weeks.

## CONCLUSION

(10) To date, the FBI has made nine (9) interim releases to plaintiff, consisting of 4,857 pages released out of a total of 6,900[2] pages reviewed. In accordance with the Court Order

---

[2] This figure does not include 1,501 pages which were ultimately found to be non-responsive.

dated May 7, 2007, the final release is scheduled for February 11, 2008. Approximately 1,482 pages remain to be reviewed and processed, which the FBI anticipates will take the FBI approximately two weeks to complete.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that Exhibits A through C attached hereto are true and correct copies.

Executed this ___1st___ day of February, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. A. No. 06-CV-1708 (CKK) |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Defendant. | ) | |

# Exhibit A



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

ESQ. MARCIA HOFMANN
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

November 19, 2007

Subject: SYSTEM DCS-3000 and RED HOOK

FOIPA No. 1056287-000   and FOIPA#1056307-1

Dear Hofmann:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

763 **page(s)** were reviewed and 494 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

  ☐ referred to the OGA for review and direct response to you.

  ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that this is the sixth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known as DCS-3000 and Red Hook.

The first page of this correspondence reflects that 763 pages were reviewed for this release. There were actually 831 pages reviewed, however, after a review by the technical operations group that manages the system, they determined that 68 pages of this material was not responsive to the request.

A decision has not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to Title 28, Code of Federal Regulations, Section 16.11, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 06-CV-1708 (CKK) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

# Exhibit B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

ESQ. MARCIA HOFMANN
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

December 17, 2007

Subject: SYSTEM DCS-3000 and RED HOOK

FOIPA No. 1056287-000 and FOIPA#1056307-1

Dear Ms. Hofmann:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☒(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

659 page(s) were reviewed and 659 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

  ☐ referred to the OGA for review and direct response to you.

  ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

     Please be advised that this is the eighth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known as DCS-3000 and Red Hook.

     The first page of this correspondence reflects that 659 pages were reviewed for this release. There were actually 1,022 pages reviewed, however, after a review by the technical operations group that manages the system, they determined that 363 pages of this material was not responsive to the request.

     A decision has not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to Title 28, Code of Federal Regulations, Section 16.11, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION, )
)
)
Plaintiff, )
)
v. ) Civ. A. No. 06-CV-1708 (CKK)
)
U.S. DEPARTMENT OF JUSTICE, )
)
Defendant. )
)

# Exhibit C



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

JANUARY 14, 2008

ESQ. MARCIA HOFMANN
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

Subject: SYSTEM DCS-3000 and RED HOOK

FOIPA No. 1056287-000 and 1056307-1

Dear Requester:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☒(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

1181 page(s) were reviewed and 585 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other

individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

                                            Sincerely yours,

                                            [signature]

                                            David M. Hardy
                                            Section Chief
                                            Record/Information
                                              Dissemination Section
                                            Records Management Division

Enclosure(s)

    Please be advised this is the ninth interim release as ordered by the court on May 7, 2007 for documents concerning surveillance systems known a DCS-3000 and Red Hook.

    The first page of this correspondence reflects that 1,181 pages were reviewed for this release. There were actually 1,490 pages reviewed, however, after a review by the technical operations group that manages the system, they determined that 309 pages of this material was not responsive to the request.

    A decision has not been made concerning your request for a waiver of fees. We will be corresponding with you concerning that request in the near future. In the interim, we are providing you with the enclosed documents. Pursuant to the Title 28, Code of Federal Regulations, Section 16.11, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. If it is determined that you do not qualify for a fee waiver, duplication fees will be assessed accordingly.