IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF JUSTICE,** )<br>)<br>Defendant. )<br>) | C.A. No. 06-1708 (CKK) |

**PLAINTIFF'S MEMORANDUM ADDRESSING THE POSSIBILITY
OF PROCEEDING WITH A REPRESENTATIVE SAMPLE *VAUGHN* INDEX**

Pursuant to the Court's July 11, 2008 minute order, Plaintiff Electronic Frontier Foundation ("EFF") submits this brief to address the issue of whether the Court can or should order the parties to proceed by a representative sample *Vaughn* index over the objection of one party in the above-captioned Freedom of Information Act ("FOIA") action. As described more fully below, EFF submits that the Court has broad discretion to order the government to prepare a *Vaughn* index, determine when an index is appropriate to facilitate the litigation, and determine how comprehensive the index should be.

EFF believes that it is premature for the government to prepare a *Vaughn* index to support summary judgment. EFF proposes that at this stage in the litigation, the Court should require the Department of Justice ("DOJ") to produce a preliminary *Vaughn* index to help the parties narrow the issues in dispute prior to summary judgment.

**BACKGROUND**

This case concerns EFF's August 2006 FOIA request to DOJ's component, the Federal Bureau of Investigation ("FBI"), for records related to electronic surveillance tools known as DCS-3000 and Red Hook. EFF initiated this lawsuit on October 3, 2006, asking the Court to

order the FBI to process the requested records in a timely manner. Compl. (Dkt. No. 1). On May 7, 2007, the Court stayed further proceedings, allowing the FBI until May 9, 2008 to process EFF's request. (Dkt. No. 15).

On May 1, 2008, DOJ informed the Court that it had completed its processing of EFF's FOIA request, reviewing a total of 7,935 responsive pages and releasing 5,240 pages in whole or part. Fifth Hardy Decl. at 3 (Dkt. No. 21-2). DOJ withheld 2,695 pages in full and an unspecified number in part pursuant to exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). *See* Second, Third, & Fourth Hardy Decls. (Dkt. Nos. 17-1, 19-1, 20-1).

EFF and DOJ have been unable to reach an agreement on how to proceed in this case. Joint Status Rep. at 1-2 (Dkt. No. 23). The FBI proposes to prepare a *Vaughn* index based on a representative sample of 5% of the documents withheld in full or in part, and to move for summary judgment on the basis of that index. *Id.* at ¶ 5.

EFF maintains that the parties would be able to narrow the issues in dispute if EFF had a basic understanding of the withheld material, particularly the 2,695 pages that have been withheld in full. *Id.* at ¶ 4. To facilitate that negotiation, the FBI should produce a *Vaughn* index prior to summary judgment that describes the material withheld by the FBI and the basis for those withholdings. *Id.* Once the parties are able to identify the documents and legal issues genuinely in dispute, EFF may be in a position to discuss removing particular records, or entire categories of exemption claims, from the scope of the litigation.

## ARGUMENT

The Court enjoys broad latitude to order the production of a *Vaughn* index at any stage of the litigation to facilitate resolution of the case. The preparation of such an index is appropriate here to help the parties narrow the issues at dispute prior to summary judgment.

**I.   THE COURT HAS BROAD AUTHORITY TO REQUIRE THE GOVERNMENT TO PRODUCE A *VAUGHN* INDEX PRIOR TO SUMMARY JUGMENT.**

When a federal agency withholds information pursuant to the FOIA, "the burden is upon the agency to prove de novo in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973); *EPA v. Mink*, 410 U.S. 73, 79 (1973) ("the court shall review the matter de novo and burden is on the agency to sustain its action.") (citing 5 U.S.C. § 552(a)(3)). To help satisfy this burden, an agency may produce an itemized index as described in *Vaughn*, 484 F.2d 820, which "must adequately describe each withheld document or deletion from a released document," and "must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant." *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998) (quoting *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1989). The index cannot merely provide a conclusory explanation of withholdings, but must include "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant." *King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) (quoting *Mead Data Cent. v. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) (internal quotation marks omitted)).

The index system created in *Vaughn* was designed to address a fundamental problem in FOIA litigation: plaintiffs must attempt to challenge government claims with little or no information as to their accuracy, resulting in a one-sided process without the benefits of traditional adversarial testing. A *Vaughn* index "[affords] the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the [agency's] withholding." *King,* 830 F.2d at 218.  As one appeals court has noted, "the role of

the *Vaughn* index in enabling the adversary process to function in FOIA cases is universally recognized." *Wiener v. FBI*, 943 F.2d 972, 977 fn.5 (9th Cir. 1991).

Courts commonly use *Vaughn* indices to review the government's exemption claims at the summary judgment phase of litigation. *See Peter S. Herrick's Customs & Int'l Trade Newsletter v. Customs and Border Protection*, No. 04-00377, 2005 WL 3274073, 2005 U.S. Dist. LEXIS 38915, at **4-5 (D.D.C. Sept. 22, 2005) ("On a motion for summary judgment, the *Vaughn* index becomes central not just to the court's determination of whether or not the agency has produced all reasonably segregable portions of the responsive material . . . but also to the court's determination of whether or not the claimed exemptions are sustained.").

Courts have also in their discretion required *Vaughn* indices to be produced well before the government has moved for summary judgment, which serves to streamline the litigation process. *See, e.g.*, *Judicial Watch, Inc. v. Dep't of Energy*, 191 F. Supp. 2d 138, 141 (D.D.C. 2002) (ordering three federal agencies to provide *Vaughn* indices to the requester on the same day as they completed processing the plaintiff's FOIA requests, and two other federal agencies to produce *Vaughn* indices within 12 days after the completion of FOIA processing); *Natural Resources Defense Council v. Dep't of Energy,* 191 F. Supp. 2d 41, 43-44 (D.D.C. 2002) (ordering the Energy Department to produce a *Vaughn* index within 15 days after it completed processing the plaintiff's FOIA request); *see also ACLU v. Dep't of Defense*, 339 F. Supp. 2d 501, 505 (S.D.N.Y. 2004) (ordering a variety of federal agencies to provide *Vaughn* indices to the requester on the same day as the agencies completed processing the plaintiffs' FOIA requests).

Moreover, the Court has the discretion to determine the scope of a *Vaughn* index. In certain cases involving extraordinarily large volumes of records, for example, courts have

permitted the government to produce an index based on a representative sample of the documents at issue in the case. *See, e.g.*, *Bonner v. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991) (parties agreed to a representative sample *Vaughn* index to test exemption claims in 1,776 documents); *Meerpol v. Meese*, 790 F.2d 942, 948 & 958 (D.C. Cir. 1986) (district court devised sampling procedure to review every hundredth page of an estimated 20,000 pages totally or substantially withheld); *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1490 (D.C. Cir. 1984) (district court ordered production of two representative sample *Vaughn* indices, one of which consisted of 93 documents totaling 400 pages). In some cases, courts have approved such sampling procedures over the objection of the requester. *See, e.g., Campaign for Responsible Transplantation v. FDA*, 180 F. Supp. 2d 29, 35 (D.D.C. 2001) (denying requester's motion for a full *Vaughn* index and granting agency's motion to permit a representative sample *Vaughn* index); *Jones v. FBI,* 41 F.3d 238, 242 (6th Cir. 1994) (upholding the district court's decision to allow the government to submit a *Vaughn* index based on a random sample of records despite the requester's objections).[1]

Of course, the Court may also exercise its discretion to order the production of a comprehensive *Vaughn* index over the objections of the government. In *Hinton v. FBI*, for example, the court rejected the FBI's request to prepare a representative sample *Vaughn* index, and instead required a full index of all withholdings in 4,916 partially redacted pages and 3,342 entirely withheld pages. No. 81-0740, 1989 WL 130571, 1989 U.S. Dist. LEXIS 13000, at *3 (E.D. Pa. Oct. 30, 1989). After the FBI renewed its request to produce a sample index, the

---

[1] However, representative sample *Vaughn* indices must still provide the court and requester a sufficient explanation for the agency's withholdings in order to be the basis for summary judgment. *Campaign for Responsible Transplantation v. FDA,* 219 F. Supp. 2d 106, 112 (D.D.C. 2002) (finding representative sample *Vaughn* indices failed to provide adequate information to support summary judgment).

agency was ordered to produce a modified random sample index to help the court become familiar with the material at issue and evaluate the parties' dispute about the appropriate form of a *Vaughn* index for summary judgment briefing. *Id.* at \*\*4-5. After reviewing the index, the court noted that it could use it "to narrow the issues in some respects, since we now know what kinds of information the FBI considers exempt under each of the categories claimed, and we know specifically which exemption categories are claimed." *Id.* at \*\*6-7.

EFF proposes that this Court take a similar approach and order the FBI to produce a preliminary *Vaughn* index to enable the parties and the Court to better define the scope of the issues in dispute. Such an index would be particularly useful in this case because the government has provided minimal information about the exemptions it has claimed, particularly about the 2,695 pages withheld in full. *See* Second, Third, & Fourth Hardy Decls. (Dkt. Nos. 17-1, 19-1, 20-1).

>    II.    **THE COURT SHOULD ORDER THE GOVERNMENT TO PRODUCE A PRELIMINARY *VAUGHN* INDEX TO HELP THE PARTIES NARROW THE SCOPE OF THE LITIGATION PRIOR TO SUMMARY JUDGMENT BRIEFING.**

As the D.C. Circuit recently noted, "the principal purpose of a *Vaughn* index is to facilitate the litigation process." *Campaign for Responsible Transplantation v. FDA,* 511 F.3d 187, 196 (DC. Cir. 2007). A preliminary *Vaughn* index would enable EFF and DOJ to limit the scope of the disputed material prior to summary judgment briefing, would will focus the legal issues at the heart of the case and reduce the likelihood of protracted litigation.

EFF's counsel have found this approach helpful in resolving past FOIA lawsuits, and have on numerous occasions successfully negotiated with the government to narrow the scope of litigation when an agency produced a *Vaughn* index prior to moving for summary judgment. *See*, *i.e.*, Pl. Mem. Opp. SJ at 14, *Elec. Privacy Info. Ctr. V. Dep't of Homeland Security*, No. 04-

00944-RMU (D.D.C. dismissed June 26, 2006) (plaintiff agreed to remove from the scope of litigation certain exemptions claimed by the government under 5 U.S.C. § 552(2), (3), (5), (6), and (7)(C) after viewing the government's *Vaughn* index.) (Dkt. No. 22). In some cases, EFF's counsel have even agreed to dismiss all pending claims when given the opportunity to review the government's justifications for its withholdings prior to summary judgment. *See, i.e.*, E*lec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 3:07-05278-SI (N.D. Cal. dismissed March 5, 2008) (case voluntarily dismissed (Dkt. No. 44) after the government's production of *Vaughn* affidavits to support summary judgment (Dkt. No. 37)); *Elec. Frontier Foundation v. Dep't of Homeland Security*, No. 06-1988-ESH (D.D.C. dismissed May 20, 2008) (case voluntarily dismissed (Dkt. No. 26) after government produced court-ordered *Vaughn* index prior to summary judgment briefing (Dkt. No. 23)). EFF hopes to work with the DOJ to narrow the scope of the disputed material in a similar manner here.

Toward that end, EFF suggests that the Court order the parties to proceed in the following manner:

a. The Court should require the FBI to assign Bates numbers to the records it has processed that contain withholdings, so that the parties and the Court have common identifiers by which to refer to the material in dispute. EFF maintains that it will be difficult for the parties and the Court to discuss or assess the records if there is no way to differentiate them.

b. The government should produce a preliminary *Vaughn* index prior to moving for summary judgment. This index should identify material that has been withheld and the reasons for the redactions. Its purpose would be to limit the litigation as much as possible, hopefully resulting in a fewer number of legal issues and

smaller set of documents to address at the summary judgment stage of proceedings.

c. For records withheld in their entirety, the FBI should be required to identify the content of each withheld document, the statutory basis for the withholding, and the reason(s) for the redactions.[2]

d. For records that have been withheld in part, EFF proposes that each party select 50 records for inclusion in the *Vaughn* index. For these records, the FBI should be required to identify the material redacted, the statutory basis for the withholding, and the reason(s) for the redactions.

e. To further limit the scope of the litigation, the parties could agree to eliminate duplicate or early drafts of finalized documents from the material covered by the *Vaughn* index. The parties could also agree that certain types of withholdings could be handled categorically in the index, such as the invocation of 5 U.S.C. § 552(b)(6) and (7)(C) to redact personal information of individuals.

f. Once the scope of the litigation has been determined, the parties will discuss the production of a *Vaughn* index for purposes of summary judgment briefing.

---

[2] The record indicates that DOJ withheld 2,695 pages in full. *See* Fifth Hardy Decl. at 7 (Dkt. No. 21-2). It is unclear, however, how many documents the pages comprise or which exemptions have been claimed to justify the withholdings.

## CONCLUSION

For the foregoing reasons, EFF asks that the Court order the FBI to produce a preliminary *Vaughn* index prior to summary judgment proceedings to allow the parties to narrow the scope of the litigation.

DATED: August 1, 2008                    Respectfully submitted,


/s/ *Marcia Hofmann*
MARCIA HOFMANN
D.C. Bar No. 484136
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

DAVID L. SOBEL
D.C. Bar No. 360418
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009
Facsimile: (202) 707-9066

*Counsel for Plaintiff*