**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
ELECTRONIC FRONTIER FOUNDATION,                     )
                                                    )
                     Plaintiff,                     )
                                                    )
          v.                                        )          No. 06-1708 (CKK)
                                                    )
DEPARTMENT OF JUSTICE,                              )
                                                    )
                     Defendant.                     )
_____)

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated April 14, 2009, Plaintiff Electronic Frontier Foundation ("EFF") and Defendant Department of Justice ("DOJ") submit the following joint status report in this matter.

### Plaintiff's Report

1.      On his first full day in office, President Obama issued a memorandum regarding the Freedom of Information Act ("FOIA") to the heads of all Executive Branch departments and agencies. The President's memorandum provides, *inter alia*, that "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA." Memorandum for Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009) (attached hereto as Ex. 1). Moreover, agencies should respond to requests "in a spirit of cooperation." *Id.*

2.      Attorney General Holder subsequently issued a Memorandum for Heads of Executive Departments and Agencies regarding the FOIA on March 19, 2009 (hereafter "Holder

Memorandum") (attached hereto as Ex. 2). This memorandum stated that "an agency should not

withhold information simply because it may do so legally." Furthermore,  "whenever an agency

determines that it cannot make full disclosure of a requested record, it must consider whether it

may make a partial disclosure."  *Id.* Importantly, the memorandum made clear that its guidance

should be "taken into account and applied if practicable" in pending litigation "when, in the

judgment of the Department of Justice lawyers handling the matter and the relevant agency

defendants, there is a substantial likelihood that application of the guidance would result in a

material disclosure of additional information." *Id.*

      3.      The DOJ Office of Information Policy ("OIP") has since issued guidance

interpreting the Holder Memorandum. *FOIA Post: Creating a "New Era of Open Government"*

(2009) (attached hereto as Ex. 3). According to OIP, "agency personnel should view all FOIA

decisions through the prism of openness," and "should be mindful not to review records with the

sole purpose of determining what can be protected under what exemption. Instead, records

should be reviewed in light of the presumption of openness with a view toward determining what

can be disclosed, rather than what can be withheld." *Id.* OIP encouraged agencies to make

discretionary releases of information that might otherwise be withheld under FOIA exemptions

2, 5, and 7, among others.

      4.      On March 31, 2009—twelve days after the issuance of the Holder

Memorandum—the Federal Bureau of Investigation ("FBI" or "Bureau") provided EFF with the

Vaughn declaration and an additional set of documents processed in this case. On April 3, 2009,

the parties conferred regarding the appropriate next steps, and agreed that EFF should have

additional time to review the Vaughn declaration and additional set of documents processed in

this case, after which time the parties would continue to confer regarding the removal of

particular records and legal issues from the scope of the litigation.

5.      In the course of conferring with counsel for the DOJ, EFF repeatedly asked
whether the new FOIA guidelines had been applied to the material at issue in this matter, and if
so, whether they had any impact on the FBI's decision to withhold material in this case. The DOJ
represented that the Bureau is operating "in full compliance" with the Holder Memorandum, but
refused to explain the effect, if any, of such compliance.

6.      In anticipation of filing the instant joint report report, EFF again asked counsel for
the DOJ to disclose whether the standards articulated in the Holder Memorandum have been
applied to the 7,864 responsive records in this case, and if so, whether any additional information
has been disclosed as a result. Letter from Marcia Hofmann, Staff Attorney, EFF to Bryan
Dearinger, Trial Attorney, DOJ, April 23, 2009 (attached hereto as Ex. 4).  EFF asked the FBI to
identify the amount of additional material released, if any, and to explain whether the FBI had
chosen to no longer invoke certain exemptions in conformance with Attorney General Holder's
stated policy of "strongly encourag[ing] agencies to make discretionary disclosures of
information." *Id*.

7.      Counsel for the DOJ responded, "To the extent EFF asks . . . whether the detailed
<u>Vaughn</u> index provided to EFF in this case—based on a 762-page sample chosen by EFF—
resulted in the material disclosure of any additional records, my client informs that it did not."
Letter from Bryan Dearinger, Trial Attorney, DOJ to Marcia Hofmann, Staff Attorney, EFF,
April 29, 2009 (attached hereto as Ex. 5). The DOJ refused to disclose any further information
about its application of the guidelines, explaining that it is "not prepared to discuss . . . internal
decisions." *Id*.

8.      EFF believes that application of the Holder guidelines, as interpreted by OIP, to all of the records at issue in this case would likely remove a significant amount of material from dispute and thus narrow the scope of the litigation. In order to facilitate a discussion about potential narrowing of matters remaining at issue, the DOJ should inform EFF and the Court whether it has in fact, as the Holder Memorandum requires, "taken into account and applied" the new FOIA guidelines to all the records responsive to EFF's request. If so, the FBI should disclose whether its position has changed with respect to any FOIA exemptions invoked earlier in this litigation, and how much material, if any, is no longer exempt from disclosure as a result. If the FBI has not "taken into account and applied" the guidelines to any record beyond the 762-page <u>Vaughn</u> sample, the Bureau should explain why it is not "practicable" to do so.

9.      EFF proposes that the Court set a status conference to address these outstanding issues and facilitate a narrowing of matters remaining at issue.

<u>Defendant's Report</u>

1.      On March 31, 2009, FBI, through the DOJ, provided EFF with the <u>Vaughn</u> material for this case, which consists of a detailed <u>Vaughn</u> declaration as well as copies of the 762 <u>Vaughn</u>-coded pages selected by EFF as the representative sample in this case.

2.      The parties' most recent Joint Status Report requested additional time for EFF to review this material.  <u>See</u> Dkt. No. 30, ¶¶ 5-6.  The Court's April 14 Minute Order granted this request, providing EFF until May 4, 2009 "to further review the Vaughn index in this case" and providing the parties until May 18, 2009, within which to inform the Court of (1) "the results of any agreements reached by the parties to limit the scope of litigation," and (2) "to propos[e] a schedule for dispositive briefing."

4

3.      Counsel for both parties have conferred regarding these two issues but, to date, have been unable to reach an agreement.

4.      Rather than conduct its "further review" of the detailed <u>Vaughn</u> material provided by the FBI, on April 23, 2009, counsel for EFF sent a letter to the undersigned counsel requesting detailed information regarding the internal decision-making of the FBI and DOJ under the standards set forth in the Attorney General's Memorandum for Heads of Executive Departments and Agencies regarding the Freedom of Information Act.  <u>See</u> Ex. 4 (EFF's Letter to DOJ, dated April 23, 2009); <u>see also</u> Ex. 2 (Attorney General Holder's Memorandum of March 19, 2009).

5.      In response to EFF's letter, the undersigned counsel wrote to counsel for EFF explaining, among other things: (1) that "the FBI and DOJ are operating in compliance with the Attorney General's Memorandum"; (2) that the detailed <u>Vaughn</u> index provided to EFF in this case did not result in the material disclosure of any additional records; and (3) that "[t]o the extent [EFF's] letter requests further information regarding the FBI and DOJ's internal decision-making process in this case under the guidance set forth for executive departments and agencies in th[e Attorney General's] Memorandum, we are not prepared to discuss those internal decisions."  <u>See</u> Ex. 5 (DOJ letter to EFF, dated April 29, 2009).[1]

6.      After an <u>Open America</u> stay of this matter, the parties briefed, argued, and ultimately resolved the issue of the representative sample of documents to be litigated in this

---

[1]  The Attorney General's Memorandum states that "[t]his memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees, agents, or any other person."  Ex. 2 at 3.

case.  <u>See</u> Dkt. Nos. 22, 24, 25.  Thereafter, the parties reached an agreement as to the scope and selection of the <u>Vaughn</u> index, <u>see</u> Dkt. No. 27, the FBI provided that index, EFF was provided with more time "to further review" that index, and the parties agreed to confer "regarding the removal of particular records and legal issues from the scope of litigation" and ultimately to "propose a mutually acceptable schedule for dispositive briefing."  Joint Status Report, Dkt. No. 30 ¶¶ 5, 6.

       7.      It being undisputed that the parties have been unable to reach agreement as to the first issue—i.e., the possibility of further narrowing the legal claims in this case—Defendant submits that it is now appropriate to move forward to address the second issue—i.e., to propose a schedule for dispositive briefing.  To that end, Defendant proposes that the Court order the parties to file a joint motion for entry of a briefing schedule.  In the alternative, Defendant proposes the following schedule:

    (1)    Defendant shall serve its motion for summary judgment by <u>July 20, 2009</u>;

    (2)    Plaintiff shall serve its combined cross-motion for summary judgment (if any) and opposition to defendant's motion by <u>August 24, 2009</u>;

    (3)    Defendant shall serve its combined reply in support of its motion for summary judgment and opposition to plaintiff's motion for summary judgment (if any) by <u>September 21, 2009</u>;

    (4)    Plaintiff shall serve its reply in support of its motion for summary judgment (if any) by <u>October 19, 2009</u>.

To the extent EFF believes it is entitled to more of the requested FOIA documents in this case, or asserts that the FBI has improperly withheld such documents, EFF is free to raise this

issue in its opposition to defendant's motion for summary judgment and/or in its own cross-

motion for summary judgment.


DATED:   May 18, 2009                                    Respectfully submitted,


*/s/ Marcia Hofmann*                                     TONY WEST
Marcia Hofmann                                           Assistant Attorney General
D.C. Bar No. 484136
ELECTRONIC FRONTIER FOUNDATION                           JEFFREY A. TAYLOR
454 Shotwell Street                                      United States Attorney
San Francisco, CA 94110
Telephone: (415) 436-9333                                ELIZABETH J. SHAPIRO
Facsimile: (415) 436-9993                                Deputy Branch Director

David L. Sobel                                           */s/ Bryan Dearinger*
D.C. Bar No. 360418                                      BRYAN DEARINGER
ELECTRONIC FRONTIER FOUNDATION                           (Oregon Bar #061517)
1875 Connecticut Ave. NW                                 Trial Attorney
Suite 650                                                United States Department of Justice
Washington, DC 20009                                     Civil Division, Federal Programs Branch
Telephone: (202) 797-9009 x104                           20 Massachusetts Avenue, N.W.
Facsimile: (202) 797-9066                                Washington, DC  20530
                                                         Tel: (202) 514-3489
*Attorneys for Plaintiff*                                Fax: (202) 616-8470

                                                         *Attorneys for Defendant*